A. F. W. HAEUSSLER, Plaintiff and Appellant, *v.* JOSÉ D. PADILLA, represented by his children JOSÉ and HELEN PADILLA, Defendants and Appellees.

No. 6328.   Argued January 8, 1934.—Decided January 12, 1934.

*C. J. Torres* for appellant.   *E. H. F. Dottin* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Upon the death of José D. Padilla, an action was brought against his two minor children for the recovery of money upon certain obligations incurred by the former, and in order to secure the effectiveness of any judgment that might be rendered in the action an attachment was levied on two insurance policies on the life of José D. Padilla, payable upon

his death to his executors, administrators, or legal represent-
atives. The court subsequently vacated this attachment.
Sometime afterward, a final judgment was rendered in favor
of the plaintiff, with costs but without including attorney's
fees, which had been requested in the complaint.

The plaintiff took the present appeal from said judgment
because he was not awarded attorney's fees, and in order
to review the order vacating the attachment which he had
levied. These are the two grounds that the appellant as-
signs in his brief in support of his appeal. The appellees
have asked us to dismiss said appeal, on the ground that it
is frivolous as to the disallowance of attorney's fees, and
tardy as to a review of the order whereby the attachment
was vacated.

The appellant admits in his brief that the awarding of
attorney's fees by the lower court is a matter within the
discretion of said court, as indeed it is, but that in this case
such fees should have been awarded. The examination of
the record convinces us that the appeal is frivolous in this
respect, as the complaint only alleged that the father of the
appellees owed the plaintiff certain sums on account of two
loans and a purchase, without transcribing or attaching the
documents which evidenced obligations, and we fail to see
that the minor children of the debtor were obstinate in op-
posing the complaint, since they had no knowledge of these
obligations in which they did not intervene.

An order vacating an attachment may be reviewed in an
appeal from the final judgment in the action, as was decided
by this court in the case of *National City Bank* v. *De la
Torre,* 44 P.R.R. 439. We shall confine ourselves to a cita-
tion of that case and will not deal with the question of
whether or not it is necessary to have excepted to the deci-
sion in order to review the same, because, in any event, we
find that the appeal taken from the order vacating the at-
tachment is frivolous inasmuch as the question it involves
was decided against the appellant in the case of *Schlüter* v.

*Heirs of Díaz,* 41 P.R.R. 875, on which the lower court based its ruling, and nothing has been adduced against such decision.

The appeal must be dismissed.